UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL DAY,

                                        Plaintiff,

                    -v-

JEFFREY L. SLOTHOWER and
BATTERY PRIVATE, INC.,

                                        Defendant.

---

21 Civ. 1188 (PAE)

<u>ORDER</u>

PAUL A. ENGELMAYER, District Judge:

On February 10, 2021, plaintiff Michael Day ("Day") filed the Complaint, which alleges
breach of contract, breach of fiduciary duty, conversion, and fraud, by the defendants, Jeffrey L.
Slothower ("Slothower") and Battery Private, Inc. ("Battery") (together "defendants"). Dkt. 1.
On February 25, 2021, Day served Battery, making Battery's deadline to answer or otherwise
respond March 18, 2021. *See* Dkt. 14; Fed. R. Civ. P. 12(a). On April 22, 2021, Day moved for
leave to serve Slothower by alternative means. Dkt. 11. On April 27, 2021, the Court granted
the motion, permitting Day to serve Slothower by email. Dkt. 12. That same day, Day served
Slothower by email, making Slothower's deadline to answer or otherwise respond May 18, 2021.
*See* Dkt. 13; Fed. R. Civ. P. 12(a). Neither defendant responded to the Complaint or otherwise
appeared in this action. On September 1, 2021, Day filed for entry of default as to both
defendants with the Clerk of Court. Dkts. 18, 19. On September 7, 2021, the Clerk of Court
issued certificates of default as to both defendants. Dkts. 22, 23.

On September 18, 2021, Day filed a motion for default judgment against both defendants,
and supplemental papers on September 21, 2021. Dkts. 24, 26, 27. On September 22, 2021, this
Court ordered both defendants to respond to the Complaint and the motion for default judgment

by October 5, 2021. Dkt. 28. On October 4, 2021, Slothower appeared *pro se*, requesting an extension to answer or otherwise respond to the Complaint on his own behalf, and to hire counsel to do the same on Battery's behalf. Dkt. 30. That same day, the Court granted Slothower's request, extending the deadline for both defendants to November 5, 2021. Dkt. 32.

On November 5, 2021, Slothower, still *pro se*, filed an answer and requested another extension to hire counsel to answer or otherwise respond to the Complaint on behalf of Battery. Dkts. 33, 34. That same day, the Court granted Slothower's request, extending Battery's deadline to December 5, 2021, and reminding it that "[i]n the event that [Battery] remains unrepresented after December 5, 2021, the Court will be compelled to treat [Day's] motion for entry of a default judgment against [Battery] as unopposed." Dkt. 35. On November 19, 2021, Day filed a motion opposing Slothower's request to set aside the entry of default against him. Dkt. 36. To date, Battery has not appeared in this action.

The Court has reviewed Day's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) and Day's supporting affidavit and submissions. Dkts. 24, 26, 27. As to battery, because proof of service has been filed, Battery has not answered the Complaint, the time for answering the Complaint has expired, and Battery has failed to appear to contest the entry of a default judgment, the Court enters a default judgment in favor of Day on the claims against Battery. However, because Slothower has appeared by answering the Complaint within the extended deadline the Court has set, the Court denies Day's motion for default judgment against Slothower.[1]

---

[1] Day's motion opposing Slothower's request to set aside entry of default against him is therefore denied as moot.

This case will now be referred to a United States Magistrate Judge for an inquest into damages as to Battery, and for general pretrial supervision as to *pro se* defendant Slothower. Day shall serve this Order upon defendants and file an affidavit reflecting such service on the docket by December 16, 2021.  The Clerk of Court is respectfully directed to close the motions pending at dockets 24 and 36.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: December 9, 2021
       New York, New York